# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### NEW ALBANY DIVISION

| | |
|---|---|
| MARILYN  BARLOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 4:14-cv-00082-SEB-WGH |
| ) | |
| JOHN  LEWIS Personal Representative of the ) | |
| Estate of Harold Lewis, JOHN DOES 1 - 10 ) | |
| Cause #88A05-1311-EU-5653, DANIEL L. ) | |
| BROWN, ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Complaint, Denying Emergency Motion to Stay Proceedings,
and Directing Further Proceedings**

The Court has before it the complaint and the emergency motion to stay proceedings filed

by plaintiff Marilyn Barlow on July 30, 2014 and July 31, 2014, respectively.

## I. Filing Fee

Ms. Barlow's motion for leave to proceed without prepaying fees or costs [Dkt. No. 2] is

**granted**.

## II. The Complaint

District courts have an obligation under 28 U.S.C. § 1915(e)(2) (B) to screen complaints

before service on the defendants, and must dismiss the complaint if it is frivolous or malicious,

fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from

such relief. Dismissal under the *in forma pauperis* statute is an exercise of the Court's discretion.

*Denton v. Hernandez,* 504 U.S. 25, 34 (1992). In determining whether the complaint states a

claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Ms. Barlow alleges that the Estate of Harold Lewis by personal representative John Lewis and Daniel Brown (whose occupation, if any, is not stated) have violated her rights under RICO, conspired to commit fraud in order to attain money and property, breached or interfered with an unidentified contract, and are responsible for the theft and destruction of her personal property. Ms. Barlow alleges that these defendants have committed defamation, libel and slander. They allegedly shut off her water in 2010 and filed a restraining order and fraudulent lawsuit against her in 2011. Ms. Barlow was allegedly padlocked from her residence without warning. Ms. Barlow seeks one million dollars for her losses associated with "fighting a fraudulent claim" and for the loss of her property, animals, and vehicles.

As presented, Ms. Barlow's complaint contains only bare legal conclusions and lacks sufficient facts to state a plausible claim for relief. Therefore, the complaint is **dismissed for failure to state a claim upon which relief can be granted.**

### III. Further Proceedings

The dismissal of the complaint will not lead to the dismissal of the action at this time. Ms. Barlow shall have **through August 25, 2014,** in which **to file an amended complaint** that

states a viable claim for relief in light of the deficiencies noted in Part II of this Entry, if she chooses to do so.

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ;" (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; (c) the amended complaint must identify what legal injury she claims to have suffered and which individuals are responsible for each such legal injury; and (d) the amended complaint shall contain a clear statement of the relief that is sought. The amended complaint shall have the words "amended complaint" and the proper case number, 4:14-cv-0082-SEB-WGH, on the first page.

If no amended complaint is filed, the action will be dismissed in its entirety for failure to state a claim upon which relief can be granted.

### IV. Emergency Motion

The emergency motion to stay proceedings is in essence, a motion for temporary restraining order. This motion seeks an emergency stay of the state court proceedings identified as Washington County Circuit Court cause numbers 88A05-1311-EU-5653, 88C01-1103-EU-00024.

This motion [dkt. 4] is **denied** because it has been filed before any defendant has been served with process. Under these circumstances, an injunction may be entered only against a party that has been served and is under the personal jurisdiction of the court. *Lake Shore Asset*

*Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007); *see also Audio Enterprises., Inc. v. B & W Loudspeakers*, 957 F.2d 406, 410 (7th Cir. 1992) (vacating preliminary injunction because defendant had not been served); Rule 65 of the *Federal Rules of Civil Procedure.* If this request is renewed, Ms. Barlow must comply with the requirements of Rule 65(a) or 65(b), as applicable, and with Local Rule 65-2.

The emergency motion is further deficient because no viable claim has been identified in this case. In addition, this Court has no authority to dismiss, review, or otherwise interfere with the state court case. *See In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (observing that as a general matter, federal courts lack authority to "control or interfere with state court litigation"); *Lewis v. Anderson*, 308 F.3d 768, 771–72 (7th Cir. 2002) ("lower federal courts do not have jurisdiction to conduct direct review of state court decisions."). Any renewed motion should seek to correct these deficiencies.

**IT IS SO ORDERED.**


Date: _____


Distribution:

Marilyn Barlow
P. O. Box 805
Mitchell, IN 47446